| | |
|---|---|
| SHANNON TALLANT<br>P.O. Box 672112<br>Chugiak, AK 99567<br><br>JOHN NIEVES<br>201 East 16th Avenue<br>Anchorage, AK 99501<br><br>JARRETT CARSON<br>7320 West Metcalf Circle<br>Wasilla, AK 99623<br><br>JOSEPH LAWENDOWSKI<br>24343 Thunderbird Drive<br>Chugiak, AK 99566<br><br>    *Plaintiffs,*<br><br>    v.<br><br>UNITED STATES<br>DEPARTMENT OF THE ARMY, and<br>JOHN MCHUGH, SECRETARY<br>OF THE ARMY<br>101 Army<br>Washington, DC 20310-0101<br><br>    *Defendants.* | Civil No._____ |

## COMPLAINT

COME NOW Plaintiffs, Shannon Tallant, John Nieves, Jarrett Carson, and Joseph Lawendowski, by and through their undersigned counsel, and complain of the Defendants as follows:

## Jurisdiction

1. The Court has jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 552a (the Privacy Act), which provides for redress in the District Courts based upon violations of the Privacy Act. An award of damages is requested for the harm caused by the unlawful and intentional release of information maintained by the Defendants. Declaratory relief is requested under 5 U.S.C. § 552a and 28 U.S.C. § 2201. Injunctive relief is requested under 5 U.S.C. §§ 552a(g)(2)(A), (3)(A).

## Venue

2. Venue is proper under 28 U.S.C. § 1391 and 5 U.S.C. § 552a(g)(5).

## Parties

3. Plaintiff Shannon Tallant is a citizen of the United States who has served as a Sergeant First Class in the United States Army and as an Active Guard and Reserve (AGR) recruiter assigned to the Alaska National Guard (AKANG).

4. Plaintiff John Nieves is a citizen of the United States who has served as a Master Sergeant in the United States Army and as an AGR recruiter assigned to the AKANG.

5. Plaintiff Jarrett Carson is a citizen of the United States who has served as a Master Sergeant in the United States Army and as an AGR recruiter assigned to the AKANG.

6. Plaintiff Joseph Lawendowski is a citizen of the United States who has served as a Lieutenant Colonel in the United States Army and as an AGR member assigned to the AKANG.

7. Defendant United States Department of the Army (sometimes referred to herein as "Army" or "Agency") is an Agency of the United States within the meaning of 5 U.S.C. § 552a(a)(1), and maintains a system of records as pertaining to the Plaintiffs.

8. Defendant John McHugh is Secretary of the Department of the Army, appointed by the President, by and with the advice and consent of the Senate. The Secretary is the head of the Department of the Army. 10 U.S.C. § 3013(a).

9. AKANG is a federally recognized unit or organization of the Department of the Army. 10 U.S.C. § 10204; *In Re Sealed Case*, 551 F.3d 1047 (D.C. Cir. 2009).

### *Statute of Limitations*

10. Under the Privacy Act, suit must be brought within two (2) years of the date upon which the action arose. 5 U.S.C. § 552a(g)(5). Plaintiffs became aware of the violations at issue in October 2014. This complaint is timely filed.

### *Governing Statute*

11. As defined in the Privacy Act, the term "maintain" includes maintain, collect, use, and disseminate, 5 U.S.C. § 552a(a)(3), and connotes control over and responsibility and accountability for systems of records. 5 U.S.C. § 552a.

12. The Department of the Army is required to maintain personnel and other Privacy Act protected records, such as non-criminal investigative reports, on all members of federally recognized units or organizations of the Army, including AKANG. 10 U.S.C. § 10204; *In Re Sealed Case*, 551 F.3d 1047 (D.C. Cir. 2009).

13. Such personnel and investigative records are "records" within the meaning of the Privacy Act. 5 U.S.C. § 552a(a)(4).

14. Such personnel records need not be physically located in the Agency for them to be considered "maintained" by the Defendants.

*Statement of Facts*

15. Upon information and belief, on or about October 8, 2014, the Anchorage Press, a weekly newspaper based in Anchorage, Alaska, obtained and published selected parts of a confidential Army Regulation (AR) 15-6 investigative report concerning Plaintiffs Tallant, Nieves, Carson, and Lawendowski, which was submitted by military investigators to high-ranking AKANG officers on or about March 3, 2014.[1]

16. Upon information and belief, on or about October 15, 2014, the Anchorage Press obtained and published selected parts of a detailed confidential AR 15-6 investigative report concerning Plaintiffs Tallant, Nieves, Carson, and Lawendowski.[2]

17. Upon information and belief, on or about October 15, 2014, a mere one hour after the Anchorage Press published its article, Defendants provided the following statement to the newspaper: "Whoever provided the Press with the 15-6 investigations did so in violation of the Privacy Act and Army policy, without authorization. The investigations, which include findings, recommendations, sworn statements and other supporting documentation, are safe-guarded by the organization until the final action is complete. At that time, the documents are releasable through the Freedom of Information Act, subject to Privacy Act requirements. Our intention was to provide rank, unit, offense and final action for each individual once all administrative actions were completed. Although our legal team is required to provide copies of the 15-6s to the respondents' council [sic], we do not, under any circumstance, think the respondents' council [sic] would have released these documents. We do not know who released the documents, but they were released in direct violation of DoD [Department of Defense] policy, and they were not

---

[1] David Holthouse, *Commander Untouchable*, Anchorage Press, Oct. 8, 2014, *available at* http://www.anchoragepress.com/news/1/commander-untouchable/.
[2] David Holthouse, *The Three-Headed Monster*, Anchorage Press, Oct. 15, 2014, *available at* http://www.anchoragepress.com/ak-national-guard/1253/three-headed-monster/.

4

released by anyone acting in an official capacity on behalf of the organization or the respondents' legal council [sic]."[3]

18. Upon information and belief, on or about October 18, 2014, the Alaska Dispatch News, a daily newspaper published in Anchorage, Alaska, published an article concerning eight (8) apparently unlawfully disclosed AR 15-6 investigative reports, including Plaintiffs' confidential records, noting that other sources had leaked the confidential reports and that the Anchorage Press had described Plaintiffs' confidential reports the prior week in a news article.[4]

19. Upon information and belief, several other media outlets refused to publish the confidential AR 15-6 investigative reports because such publication would have violated the Privacy Act and/or State law and/or because the information was unlawfully disclosed to them.

20. On or about September 17, 2014, a complaint was filed in this Court against the Defendants, Case Number 1:14-cv-01583, for similar violations of the Privacy Act and the Freedom of Information Act relating to similar investigation reports.

21. Upon information and belief, on or about September 19, 2014, the Commanding General of AKANG, Brigadier General Leon Bridges, and Brigadier General Catherine Jorgensen of AKANG were provided with electronic copies of the aforementioned complaint by plaintiff's counsel in that action, accompanied by a request that preventive measures be taken to avoid further violations of the Privacy Act. Although those high-ranking officers were informed of numerous prior violations of the Privacy Act, which resulted in the aforementioned complaint, both Generals failed to take reasonable and prudent action to safeguard other protected records, which has caused subsequent violations and has led to the instant complaint.

---

[3] *Id.*
[4] Richard Mauer and Jill Burke, *National Guard Documents Detail Chronic Misconduct Among Recruiting Leaders*, Alaska Dispatch News, Oct. 18, 2014, *available at* http://www.adn.com/article/20141018/national-guard-documents-detail-chronic-misconduct-among-recruiting-leaders/.

22. Upon information and belief, the Anchorage Police, the Federal Bureau of Investigation, and the Department of Defense Office of Inspector General have opened investigations into the unlawful release of records under the control of the Defendants.

23. Upon information and belief, the unlawful disclosures also contained Social Security numbers, dates of birth, and/or other confidential records that could be used for identity theft and/or were not releasable under 5 U.S.C. § 552 and/or 5 U.S.C. § 552a.

24. Upon information and belief, Plaintiffs' confidential AR 15-6 investigative reports contained false statements in violation of 18 U.S.C. § 1001 and/or had contents that were the result of violations of 18 U.S.C. § 1512 and/or 18 U.S.C. § 1513.

25. Upon information and belief, the selected disclosure of certain records pertaining to the Plaintiffs was intended to cause the maximum amount of damage to the Plaintiffs. This unlawful violation of 5 U.S.C. §552a is part of a pattern of criminal and unlawful misconduct against the Plaintiffs, which also includes civil rights violations (42 U.S.C. § 1983) and denial of due process rights that likely constitutes "racketeering activity" as defined by 18 U.S.C. § 1961, by certain unknown persons employed by the Defendants within the AKANG. Plaintiffs allege that the Defendants have failed to act in an appropriate manner to investigate, stop, and prosecute the persons harming the Plaintiffs.

*First Cause of Action (Privacy Act - Improper Disclosure in Violation of 5 U.S.C. § 552a(b) and 5 U.S.C. § 552a(g)(1)(D))*

26. Plaintiffs repeat and re-allege the allegations contained above in paragraphs 1 through 25 inclusive.

27. Pursuant to 5 U.S.C. § 552a(b), "No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency,

except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains…"

28. Pursuant to 5 U.S.C. § 552a(g)(1)(D), "Whenever any agency... fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual... the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection."

29. AKANG, acting on behalf of the Defendants, intentionally and/or willfully disclosed the contents of confidential records pertaining to the Plaintiffs to an unauthorized party without the written consent of the Plaintiffs. The Defendants intentionally and/or willfully disclosed the confidential AR 15-6 investigative reports and other Privacy Act protected records to Alaska State Officials, members of the media, and/or additional individuals and/or entities who are currently unknown to the Plaintiffs.

30. AKANG failed to secure written authorization from the Plaintiffs prior to providing the specific information detailed above. Nor was disclosure permitted by a routine exception.

31. As a direct and proximate result of the Defendants' intentional and/or willful improper disclosures, Plaintiffs have suffered grave injury, including but not limited to emotional pain and suffering, and other economic and non-economic damages, which are ongoing.

*Second Cause of Action (Privacy Act - Failure to Account for Disclosure in Violation of 5 U.S.C. § 552a(c) and 5 U.S.C. § 552a(g)(1)(D))*

32. Plaintiffs repeat and re-allege the allegations contained above in paragraphs 1 through 31 inclusive.

33. Pursuant to 5 U.S.C. § 552a(c), "Each agency, with respect to each system of records under its control, shall -- (1) except for disclosures made under subsections (b)(1) or (b)(2) of

this section, keep an accurate accounting of -- (A) the date, nature, and purpose of each disclosure of a record to any person or to another agency made under subsection (b) of this section; and (B) the name and address of the person or agency to whom the disclosure is made."

34. Pursuant to 5 U.S.C. § 552a(g)(1)(D), "Whenever any agency... fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual... the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection."

35. AKANG, acting on behalf of the Defendants, intentionally and/or willfully failed to keep an accurate account of the date, nature, name, and address of the individuals to whom the disclosure identified in Paragraph 29, *supra,* were made, and the purposes of the disclosures.

36. As a direct and proximate result of the Defendants' intentional and/or willful failure to account for its disclosures, Plaintiffs have suffered grave injury, including but not limited to emotional pain and suffering, and other economic and non-economic damages, which are ongoing.

*Third Cause of Action (Privacy Act - Improper Maintenance of Inaccurate Record in Violation of 5 U.S.C. § 552a(g)(1)(C))*

37. Plaintiffs repeat and re-allege the allegations contained above in paragraphs 1 through 36 inclusive.

38. Pursuant to 5 U.S.C. § 552a(g)(1)(C), "Whenever any agency… fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual… the

individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection."

39. AKANG, acting on behalf of the Defendants, intentionally and/or willfully collected and maintained in its system of records the aforementioned confidential AR 15-6 investigative reports and other records, and failed to maintain Plaintiffs' records in such a manner as to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of or benefits to the Plaintiffs made on the basis of the aforementioned records.

40. As a direct and proximate result of the Defendants' intentional and/or willful failure to maintain its inaccurate records, Plaintiffs have suffered grave injury, including but not limited to emotional pain and suffering, and other economic and non-economic damages, which are ongoing.

*Fourth Cause of Action (Privacy Act - Improper Maintenance of Irrelevant and Unnecessary Records in Violation of 5 U.S.C. § 552a(e)(1))*

41. Plaintiffs repeat and re-allege the allegations contained above in paragraphs 1 through 40 inclusive.

42. Pursuant to 5 U.S.C. § 552a(e)(1), "Each agency that maintains a system of records shall… maintain in its records only such information about an individual as is relevant and necessary to accomplish a purpose of the agency required to be accomplished by statute or by executive order of the President."

43. AKANG, acting on behalf of the Defendants, intentionally and/or willfully collected and maintained information in its system of records relating to the Plaintiffs, which was neither relevant nor necessary to accomplish a purpose of the Agency as required by law or executive order.

44. As a direct and proximate result of the Defendants' intentional and/or willful failure to maintain its irrelevant and unnecessary records, Plaintiffs have suffered grave injury, including but not limited to emotional pain and suffering, and other economic and non-economic damages, which are ongoing.

*Fifth Cause of Action (Privacy Act – Improper Maintenance of Irrelevant, Incomplete and/or Dated Records in Violation of 5 U.S.C. § 552a(e)(5))*

45. Plaintiffs repeat and re-allege the allegations contained above in paragraphs 1 through 44 inclusive.

46. Pursuant to 5 U.S.C. § 552a(e)(5), "Each agency that maintains a system of records shall… maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination."

47. AKANG, acting on behalf of the Defendants, intentionally and/or willfully collected and maintained in its system of records the aforementioned confidential AR 15-6 investigative reports relating to the Plaintiffs. This information included the confidential AR 15-6 investigative reports and other Privacy Act protected records, and inaccurate and defamatory information regarding the Plaintiffs.

48. Upon information and belief, the confidential AR 15-6 investigative reports ultimately concluded there was no reasonable cause to believe that some of the allegations of misconduct had occurred.

49. Accordingly, the Defendants failed to assure fairness to the Plaintiffs when it used and disseminated the aforementioned confidential AR 15-6 investigative reports.

50. As a direct and proximate result of the Defendants' intentional and/or willful failure to maintain its irrelevant, incomplete, and/or dated records, Plaintiffs have suffered grave injury,

including but not limited to emotional pain and suffering, and other economic and non-economic damages, which are ongoing.

*Sixth Cause of Action (Privacy Act – Improper Dissemination to Non-Agency Personnel in Violation of 5 U.S.C. § 552a(e)(6))*

51. Plaintiffs repeat and re-allege the allegations contained above in paragraphs 1 through 50 inclusive.

52. Pursuant to 5 U.S.C. § 552a(e)(6), "Each agency that maintains a system of records shall... prior to disseminating any record about an individual to any person other than an agency, unless the dissemination is made pursuant to subsection (b)(2) of this section, make reasonable efforts to assure that such records are accurate, complete, timely, and relevant for agency purposes."

53. AKANG, acting on behalf of the Defendants, intentionally and/or willfully disseminated to non-federal employees, Alaska State Officials, including but not limited to the Governor and unknown others, information concerning the Plaintiffs that is protected by the Privacy Act. This information included the confidential AR 15-6 investigative reports and other Privacy Act protected records, and inaccurate and defamatory information regarding the Plaintiffs.

54. Prior to disseminating the specific information concerning the Plaintiffs detailed above, AKANG failed to make reasonable efforts to ensure that the information and records were accurate, complete, timely, and relevant for the Agency's purposes in violation of 5 U.S.C. § 552a(e)(6). Rather, the information and records that AKANG disseminated to Alaska State Officials and/or members of the media and/or unknown others were irrelevant, false, malicious, defamatory, incomplete, inaccurate, and untimely.

55. As a direct and proximate result of the Defendants' intentional and/or willful improper dissemination of its records to non-Agency personnel, Plaintiffs have suffered grave injury,

including but not limited to emotional pain and suffering, and other economic and non-economic damages, which are ongoing.

*Seventh Cause of Action (Privacy Act - Failure to Establish Rules of Conduct and to Properly Instruct in Violation of 5 U.S.C. § 552a(e)(9))*

56. Plaintiffs repeat and re-allege the allegations contained above in paragraphs 1 through 55 inclusive.

57. Pursuant to 5 U.S.C. § 552a(e)(9), "Each agency that maintains a system of records shall… establish rules of conduct for persons involved in the design, development, operation, or maintenance of any system of records, or in maintaining any record, and instruct each such person with respect to such rules and the requirements of this section, including any other rules and procedures adopted pursuant to this section and the penalties for noncompliance."

58. AKANG, acting on behalf of the Defendants, intentionally and/or willfully failed to establish and/or enforce rules of conduct for persons involved in the design, development, operation, or maintenance the Agency's system of records, to instruct "each such person," and to explain penalties for noncompliance.

59. The confidential AR 15-6 investigative reports, which were improperly disseminated due to AKANG's failure to establish and/or enforce rules of conduct for persons involved in the design, development, operation, or maintenance of the Agency's system of records, could reasonably be expected to result in substantial harm, embarrassment, inconvenience, and unfairness to the Plaintiffs.

60. Had AKANG properly established and/or enforced such rules of conduct, the misconduct at issue, *i.e.,* the improper collection, maintenance, disclosure, and dissemination of records, would not have occurred and Plaintiffs would not have been injured.

61. As a direct and proximate result of the Defendants' intentional and/or willful failure to establish and/or enforce rules of conduct and to properly instruct, Plaintiffs have suffered grave injury, including but not limited to emotional pain and suffering, and other economic and non-economic damages, which are ongoing.

*Eighth Cause of Action (Privacy Act - Failure to Establish Safeguards in Violation of 5 U.S.C. § 552a(e)(10))*

62. Plaintiffs repeat and re-allege the allegations contained above in paragraphs 1 through 61 inclusive.

63. Pursuant to 5 U.S.C. § 552a(e)(10), "Each agency that maintains a system of records shall… establish appropriate administrative, technical, and physical safeguards to insure the security and confidentiality of records and to protect against any anticipated threats or hazards to their security or integrity which could result in substantial harm, embarrassment, inconvenience, or unfairness to any individual on whom information is maintained."

64. AKANG, acting on behalf of the Defendants, intentionally and/or willfully failed to establish appropriate administrative, technical, and physical safeguards to ensure the security and confidentiality of records and to protect against threat or hazard to the security and integrity of these records, in violation of 5 U.S.C. § 552a(e)(10).

65. The aforementioned records, which AKANG failed to safeguard, could reasonably be expected to result in substantial harm, embarrassment, inconvenience, and unfairness to the Plaintiffs.

66. As a direct and proximate result of the Defendants' intentional and/or willful failure to establish safeguards, Plaintiffs have suffered grave injury, including but not limited to emotional pain and suffering, and other economic and non-economic damages, which are ongoing.

*Damages*

67. As a direct and proximate result of the Defendants' violations of the Privacy Act, Plaintiffs have suffered adverse and harmful effects, including but not limited to mental distress, emotional trauma, embarrassment, humiliation, loss of pay, loss of promotional potential, loss of future income, loss of retirement advantages, a decreased retirement annuity, loss of military awards to assist in military advancement, assignment to positions that will negatively impact their promotion potential, and loss of or jeopardy to present or future financial opportunities and retirement.

*Requested Relief*

WHEREFORE, Plaintiffs Shannon Tallant, John Nieves, Jarrett Carson, and Joseph Lawendowski request that the Court award them the following relief:

1. Declare that the Defendants violated the Privacy Act;

2. Order the Defendants to immediately disclose to Plaintiffs the identities of those to whom the records were disclosed;

3. Award Plaintiffs actual damages under 5 U.S.C. § 552a(g)(4)(A), the exact amount of which is to be determined at trial but which is not less than $1,000 per applicable cause of action;

4. Order the Defendants to expunge all records or information improperly maintained by the Defendants that are inaccurate and/or derogatory to Plaintiffs;

5. Enjoin the Defendants from retaliating against Plaintiffs for filing this complaint;

6. Enjoin all AKANG Officers who were found to have violated the Privacy Act from any involvement with current or future administrative hearings, decisions, or personnel actions involving the Plaintiffs to ensure that the Plaintiffs' due process rights in any administrative matters are not impaired;

7. Award Plaintiffs reasonable costs and attorney fees as provided in 5 U.S.C. §§ 552a(g)(3)(B) and/or (4)(B), 552a(4)(E) and/or 28 U.S.C. § 2412(d);

8. Refer those AKANG officials responsible for violating the Privacy Act to the United States Attorney General for prosecution under 5 U.S.C. § 552a(i)(1);

9. Expedite this action to the extent warranted by law pursuant to 28 U.S.C. § 1657(a); and

10. Grant such other and further relief as the Court may deem just and proper.

Date: October 28, 2014                               Respectfully Submitted,

_____
Mathew B. Tully, Esq.
Founding Partner
(D.C. Bar No. 491695)

TULLY RINCKEY, PLLC
Attorneys & Counselors at Law
815 Connecticut Ave, Suite 720
Washington, D.C. 20006
Phone: (202) 787-1900
Fax: (202) 640-2059
mtully@fedattorney.com

*Attorney for the Plaintiffs*