KAREN L. LOEFFLER
United States Attorney

E. BRYAN WILSON
Assistant U. S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: bryan.wilson@usdoj.gov
FL# 0604501

Attorney for the United States

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SHANNON TALLANT et al., ) | Case No. 3:15-cv-00071-RRB |
| ) | |
| Plaintiffs, ) | |
| ) | **DEFENDANTS' ANSWER** |
| vs. ) | |
| ) | |
| U.S. DEPARTMENT OF THE ) | |
| ARMY et al., ) | |
| ) | |
| Defendants. ) | |

For its answer to the complaint, defendants admit, deny, and allege as follows:

# JURISDICTION

1. Paragraph 1 consists of characterizations and conclusions of law to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

# VENUE

2. Paragraph 2 consists of conclusions of law to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

# PARTIES

3. Admit the allegations contained in paragraph 3.

4. Admit the allegations contained in paragraph 4.

5. Admit the allegations contained in paragraph 5.

6. Admit the allegations contained in paragraph 6.

7. Admit the allegations contained in paragraph 7.

8. Admit the allegations contained in paragraph 8. Deny that the Secretary of the Army is a proper party.

9. Deny the allegations contained in paragraph 9. The AKANG is the federally recognized organized militia for the State of Alaska. As such, it is an agency of the State of Alaska.

## STATUTE OF LIMITATIONS

10. Paragraph 10 consists of characterizations and conclusions of law to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

## GOVERNING STATUTES

11. Paragraph 11 consists of characterizations and conclusions of law to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

12. Paragraph 12 consists of characterizations and conclusions of law to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

13. Paragraph 13 consists of characterizations and conclusions of law to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

14. Paragraph 14 consists of characterizations and conclusions of

law to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

## STATEMENT OF FACTS

15. Admit that a news article authored by David Holthouse, called *Commander Untouchable,* was published by the Anchorage Press, on October 8, 2014. Admit that the Plaintiffs' names appear in the article. Deny other allegations contained in paragraph 15 for lack of knowledge or information sufficient to form a belief as to its truth.

16. Admit that a news article authored by David Holthouse, called *The Three-Headed Monster*, was published by the Anchorage Press, on October 15, 2014. Admits that the Plaintiffs' names appear in the article. Otherwise, deny the allegations contained in paragraph 16 for lack of knowledge or information sufficient to form a belief as to its truth.

17. Defendants admit the allegations contained in paragraph 17 only to the extent supported by the statement provided to the newspaper, which is the best evidence of its content; otherwise deny the allegations. Otherwise, deny the allegations contained in paragraph 17 for lack of

knowledge or information sufficient to form a belief as to its truth.

18. Admit that a news article authored by Richard Maurer and Jill Burke, called *National Guard Documents Detail Chronic Misconduct Among Recruiting Leaders*, was published by the Alaska Dispatch News on October 18, 2014. Admit that the Plaintiffs' names appear in the article. Deny the other allegations contained in paragraph 18 for lack of knowledge or information sufficient to form a belief as to its truth.

19. Deny the allegation contained in paragraph 19 for lack of knowledge or information sufficient to form a belief as to its truth.

20. Admits that on September 17, 2014, a complaint was filed against the Department of the Army in the District Court of the District of Columbia, Case Number 1:14-cv-1583; otherwise deny the allegations.

21. Paragraph 21 consists of characterizations and conclusions of law to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

22. Deny the allegation contained in paragraph 22 for lack of knowledge or information sufficient to form a belief as to its truth.

23. Paragraph 23 consists of characterizations and conclusions of

law to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

24. Paragraph 24 consists of characterizations and conclusions of law to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

25. Paragraph 25 consists of characterizations and conclusions of law to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

## FIRST CAUSE OF ACTION

26. The Defendants incorporate by reference each of its responses to paragraphs 1 through 25 as though fully set forth herein.

27. The allegations contained in paragraph 27 are Plaintiffs' characterization of The Privacy Act of 1974, as amended, 5 U.S.C. § 552a(b). Defendants admit the allegations contained in paragraph 27 only to the extent supported by the Privacy Act, which is the best evidence of its content; otherwise deny the allegations.

28. The allegations contained in paragraph 28 are Plaintiffs' characterization of The Privacy Act of 1974, as amended, 5 U.S.C.

§ 552g(1)(D). Defendants admit the allegations contained in paragraph 28 only to the extent supported by the Privacy Act, which is the best evidence of its content; otherwise deny the allegations.

29. The allegations contained in paragraph 29 constitute are conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

30. Defendants deny the allegations contained in paragraph 30 for lack of knowledge or information sufficient to form a belief as to their truth. The allegation contained in sentence 2 of paragraph 30 constitute a conclusion of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

31. Defendants deny the allegations contained in paragraph 31.

## SECOND CAUSE OF ACTION

32. The Defendants incorporate by reference each of its responses to paragraphs 1 through 31 as though fully set forth herein.

33. The allegations contained in paragraph 33 are Plaintiffs' characterization of The Privacy Act of 1974, as amended, 5 U.S.C. § 552a(c). Defendants admit the allegations contained in paragraph 33

*Tallant v. U.S. Department of the Army*    7
3:15-cv-00071-RRB

only to the extent supported by the Privacy Act, which is the best evidence of its content; otherwise deny the allegations.

34. The allegations contained in paragraph 34 are Plaintiffs' characterization of The Privacy Act of 1974, as amended, 5 U.S.C. § 552a(g)(1)(D). Defendants admit the allegations contained in paragraph 34 only to the extent supported by the Privacy Act, which is the best evidence of its content; otherwise deny the allegations.

35. The allegations contained in paragraph 35 constitute are conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

36. Defendants deny the allegations contained in paragraph 36.

## THIRD CAUSE OF ACTION

37. The Defendants incorporate by reference each of its responses to paragraphs 1 through 36 as though fully set forth herein.

38. The allegations contained in paragraph 38 are Plaintiffs' characterization of The Privacy Act of 1974, as amended, 5 U.S.C. § 552a(g)(1)(C). Defendants admit the allegations contained in paragraph 38 only to the extent supported by the Privacy Act, which is

*Tallant v. U.S. Department of the Army*   8
3:15-cv-00071-RRB

the best evidence of its content; otherwise deny the allegations.

39. The allegations contained in paragraph 39 constitute are conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

40. Defendants deny the allegations contained in paragraph 40.

## FOURTH CAUSE OF ACTION

41. The Defendants incorporate by reference each of its responses to paragraphs 1 through 40 as though fully set forth herein.

42. The allegations contained in paragraph 42 are Plaintiffs' characterization of The Privacy Act of 1974, as amended, 5 U.S.C. § 552a(e)(1). Defendants admit the allegations contained in paragraph 42 only to the extent supported by the Privacy Act, which is the best evidence of its content; otherwise deny the allegations.

43. The allegations contained in paragraph 43 constitute are conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

44. Defendants deny the allegations contained in paragraph 44.

## FIFTH CAUSE OF ACTION

45. The Defendants incorporate by reference each of its responses to paragraphs 1 through 44 as though fully set forth herein.

46. The allegations contained in paragraph 46 are Plaintiffs' characterization of The Privacy Act of 1974, as amended, 5 U.S.C. § 552a(e)(5). Defendants admit the allegations contained in paragraph 46 only to the extent supported by the Privacy Act, which is the best evidence of its content; otherwise deny the allegations.

47. The allegations contained in paragraph 47 constitute are conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

48. Paragraph 48 consists of Plaintiffs' characterizations to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

49. Paragraph 49 consists of Plaintiffs' characterizations to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

50. Defendants deny the allegations contained in paragraph 50.

## SIXTH CAUSE OF ACTION

51. The Defendants incorporate by reference each of its responses to paragraphs 1 through 50 as though fully set forth herein

52. The allegations contained in paragraph 52 are Plaintiffs' characterization of The Privacy Act of 1974, as amended, 5 U.S.C. § 552a(e)(6). Defendants admit the allegations contained in paragraph 52 only to the extent supported by the Privacy Act, which is the best evidence of its content; otherwise deny the allegations.

53. Paragraph 53 consists of characterizations and conclusions of law to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

54. Paragraph 54 consists of characterizations and conclusions of law to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

55. Defendants deny the allegations contained in paragraph 55.

## SEVENTH CAUSE OF ACTION

56. The Defendants incorporate by reference each of its responses to paragraphs 1 through 55 as though fully set forth herein.

*Tallant v. U.S. Department of the Army*   11
3:15-cv-00071-RRB

57. The allegations contained in paragraph 57 are Plaintiffs' characterization of The Privacy Act of 1974, as amended, 5 U.S.C. § 552a(e)(9). Defendants admit the allegations contained in paragraph 57 only to the extent supported by the Privacy Act, which is the best evidence of its content; otherwise deny the allegations.

58. Paragraph 58 consists of conclusions of law to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

59. Paragraph 59 consists of conclusions of law to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

60. Paragraph 60 consists of characterizations and conclusions of law to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

61. Defendants deny the allegations contained in paragraph 61.

## EIGHTH CAUSE OF ACTION

62. The Defendants incorporate by reference each of its responses to paragraphs 1 through 61 as though fully set forth herein.

63. The allegations contained in paragraph 63 are Plaintiffs' characterization of The Privacy Act of 1974, as amended, 5 U.S.C. § 552a(e)(10). Defendants admit the allegations contained in paragraph 63 only to the extent supported by the Privacy Act, which is the best evidence of its content; otherwise deny the allegations.

64. Paragraph 64 consists of conclusions of law to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

65. Paragraph 65 consists of conclusions of law to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

66. Defendants deny the allegations contained in paragraph 66.

## DAMAGES

67. Defendants deny the allegations contained in paragraph 67 for lack of knowledge or information sufficient to form a belief as to their truth.

## REQUESTED RELIEF

The remainder of the Complaint consists of Plaintiffs' Prayer for Relief, to which no response is required. To the extent that a response is required, Defendants deny that Plaintiffs are entitled to any of the relief requested in this section.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense (Lack of Jurisdiction)

This Court lacks jurisdiction over this action.

### Second Affirmative Defense (Failure to State Claim)

Plaintiffs' Complaint fails to allege sufficient facts to state a claim upon which relief can be granted.

### Third Affirmative Defense (No Unlawful Disclosure)

Plaintiffs' claims are barred, in whole or in part, because Plaintiff has failed to establish, and cannot establish, any disclosure of information by Defendants in violation of the Privacy Act.

### Fourth Affirmative Defense (No Unlawful Disclosure)

The documents at issue is not a "record" within the meaning of the Privacy Act.

Fifth Affirmative Defense (No Unlawful Disclosure)

The documents at issue were not maintained in a "system of records" within the meaning of the Privacy Act.

Sixth Affirmative Defense (Exceptions to Privacy Act)

Plaintiffs' claims are barred, in whole or in part, because the alleged disclosure if any, fell within exceptions to the Privacy Act, including but not limited to the "routine use" exception and "need to know" exception.

Seventh Affirmative Defense (Failure to Establish Intent or Willfulness)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs has failed to establish, and cannot establish, that the alleged disclosures, if any, were done intentionally or willfully.

Eight Affirmative Defense (Sovereign Immunity)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of sovereign immunity and the intra-military immunity doctrine.

Ninth Affirmative Defense (Unclean Hand/Equity)

Plaintiffs' claims are barred, in whole or in part, to the extent it would be inequitable.

*Tallant v. U.S. Department of the Army*  15
3:15-cv-00071-RRB

### Tenth Affirmative Defense (Estoppel)

Plaintiffs' claims are barred, in whole or in part, to the extent it would be inequitable to allow damages or other relief based on Plaintiffs' unclean hands, misconduct, and/or criminal conduct.

### Eleventh Affirmative Defense (No Causation)

Plaintiffs' claims and recovery are limited and/or barred because the injuries Plaintiffs complain of were not caused by the Defendants.

### Twelfth Affirmative Defense (No Damages)

Plaintiffs' claims are barred, in whole or in part, because plaintiffs have not established, and cannot establish, actual damages caused by the Defendants.

### Thirteenth Affirmative Defense (Failure to Mitigate Damages)

Plaintiffs' recovery, if any, are barred and/or limited to the extent that plaintiff failed to mitigate any alleged damages.

### Fourteenth Affirmative Defense (Unauthorized Remedies)

Plaintiffs' claims for injunctive relief are barred because such relief is not an available remedy for claims of damages arising under 5 U.S.C. §§ 552a(g)(1)(C)&(D).

Fifteenth Affirmative Defense (Amendment of Answer)

Defendants reserve the right to plead and prove additional defenses and affirmative defenses as they become known during discovery and litigation.

**GENERAL DENIAL**

To the extent necessary, where not admitted, denied or qualified, Defendants deny each and every remaining allegation contained in Plaintiffs' Complaint.

WHEREFORE, Defendants request that the Court enter judgment in its favor, order that the complaint be dismissed, and grant Defendant such other and further relief as the Court may deem just and proper.

DATED this 20th day of June, 2015, at Anchorage, Alaska.

        KAREN L. LOEFFLER

        United States Attorney

        s/E. Bryan Wilson
        E. BRYAN WILSON
        Assistant U. S. Attorney

**CERTIFICATE OF SERVICE**
I hereby certify that on July 20, 2015,
a copy of the foregoing
was served electronically on:

Steven L. Herrick
Mathew B. Tully
Sarah L. McKinin

s/E. Bryan Wilson
Office of the U.S. Attorney

*Tallant v. United States of America*
3:15-cv-00071 RRB                                    18