KAREN L. LOEFFLER
United States Attorney

E. BRYAN WILSON
Assistant U. S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: bryan.wilson@usdoj.gov
FL# 0604501

Attorney for the United States

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>vs.<br><br>U.S. DEPARTMENT OF THE ARMY,<br><br>    Defendant. | Case No. 3:15-cv-00071-RRB<br><br>**DEFENDANT'S RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| SHANNON TALLANT,<br><br>    Plaintiff,<br><br>vs.<br><br>U.S. DEPARTMENT OF THE ARMY,<br><br>    Defendant. | |

COMES NOW the UNITED STATES DEPARTMENT OF THE ARMY (Army) and files its Response to Plaintiffs' Motion for Partial Summary Judgment (doc. 56, 57) as follows:

The Army agrees that the framework of Privacy Act, 5 U.S.C. § 522a, should be applied to this case. However, the Army vigorously contests any assertion that it in fact violated the Privacy Act. In addition, Plaintiffs' Motion cites the incorrect standard for analyzing their claims in this case.

### *Incorrect Standard*

Plaintiffs rely on *Rose v. United States*, 905 F.2d 1257 (9th Cir. 1990) to set forth the elements to prove a Privacy Act claim. Doc. 57, p. 9. However, *Rose* involves a claim alleging that the agency failed to properly *maintain* accurate records. *Id.* at 1259. Here, Plaintiffs are alleging that the Army improperly *disclosed* records. Doc. 57, p. 1-5. Although similar to a maintenance claim, the elements a plaintiff must establish for an improper disclosure claim are 1) a violation of a Privacy Act provision, 2) that the agency decision was intentional and willful, 3) the violation caused "adverse effects," and 4) the plaintiff suffered actual damages. *Lane v. Dep't. of Interior*, 523 F.3d 1128, 1140 (9th Cir. 2008).

### *No Violation of Privacy Act*

While the Army does not dispute that the Privacy Act applies under the facts as currently alleged by Plaintiffs, it disputes that it can be held liable under the facts of this case:

First, the Army contends that Plaintiffs cannot rely on an argument that the Privacy Act categorically applies to all actions of any members of the Alaska Army National Guard. *See In re Sealed Case*, 551 F.3d 1047, 1054 (9th Cir. 2009) (J. Kavanaugh concurring) ("no information beyond the plaintiff's allegation . . . whether the person in the Vermont Army National Guard who allegedly disclosed information about the plaintiff in violation of the Privacy Act was part of a federally recognized unit or organization of the Army National Guard of the United States. If the Government produces evidence that the person who allegedly disclosed the information was not part of a federally recognized unit or organization of the Army National Guard of the United States, it presumably could prevail on a summary judgment motion.") The Army contends that Plaintiffs must prove that the person(s) who allegedly released the information at issue here were acting as "part of a federally recognized unit or organization of the Army National Guard of the United States."

Second, the Plaintiffs must prove that a person with federal status released the information – they cannot simply show that information held by the Alaska Army National Guard was released and rely upon a presumption that it was released by a person with federal status. *See Armstrong v. Geithner*, 608 F.3d 854, 857 (D.C. Cir. 2010) (no reliance on *res ipsa loquitur*, plaintiff must eliminate other responsible causes).

Third, Plaintiffs must show the release was willful and intentional, not merely negligent. *Johnston v. Horne*, 875 F.2d 1415, 1422 (9th Cir. 1989)( "[T]he term 'willful or intentional' requires conduct amounting to more than gross negligence.")

Fourth, Plaintiffs must show "adverse effects" from the release itself. *See Pinson v. Federal Bureau of Prisons*, 2015 WL 756501, *5 (E.D. Calif. 2015) (plaintiff must show that release of records caused him to be labelled a snitch).

Fifth, Plaintiffs must show actual damages. There are no damages under the Privacy Act for mental or emotional distress. *FAA v. Cooper*, 132 S.Ct. 1441, 1453-56 (2012).

Thus, in light of the above, the Army does not dispute that this Court should analyze the instant case within the framework of the Privacy Act. However, the Army contends that Plaintiff must prove the above elements by a preponderance of the evidence. If they cannot, the Army should prevail either on summary judgment or at trial.

DATED this 4th day of May, 2016, at Anchorage, Alaska.

    KAREN L. LOEFFLER
    United States Attorney

    s/E. Bryan Wilson
    E. BRYAN WILSON
    Assistant U. S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2016,
a copy of the foregoing
was served electronically on:

Mathew B. Tully
Allen A. Shoikhetbrod

s/E. Bryan Wilson
Office of the U.S. Attorney

*Doe, Tallant v. United States of America*
3:15-cv-00071 RRB                           5