IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN DOE,<br><br>              Plaintiff,<br><br>vs.<br><br>U.S. DEPARTMENT OF THE ARMY,<br><br>          Defendant. | Case No. 3:15-cv-00071-JMK<br><br>**ORDER DENYING PLAINTIFFS'**<br>**MOTION SEEKING REVIEW OF**<br>**TAXATION OF COSTS** |
| SHANNON TALLANT, *et al*.,<br><br>          Plaintiffs,<br><br>vs.<br><br>U.S. DEPARTMENT OF THE ARMY,<br><br>          Defendant. | |

Before the Court at Docket 167, Plaintiffs Shannon Tallant, John Nieves, Jarret Carson, Joseph Lawendowski, and John Doe (collectively, "Plaintiffs") move the Court for review of the Clerk's Notice of taxing costs ("the Motion"). The Clerk's Notice was filed on November 10, 2021, at Docket 164, and Plaintiffs' Motion was timely filed

on November 17, 2021.[1]  On December 1, 2021, Defendant United States Department of the Army ("Defendant") timely filed its Opposition.[2]  Plaintiffs did not file a reply.

Upon review of the briefing, this Court agrees with the Clerk's Office's assessment.  For the reasons explained below, it is hereby ordered that Plaintiff's Motion for Review at Docket 167 is **DENIED**.  The Clerk's assessment of costs at Docket 164 is **UPHELD**.

## I.  BACKGROUND

On September 10, 2021, the Court granted summary judgment in favor of Defendant.[3]  On September 15, 2021, the Court entered Judgement for Defendant, dismissing the action on the merits.[4]  On September 20, 2021, Defendant timely submitted a bill of costs, using standard Form AO 133, in the amount of $4,322.32, along with supporting documentation as required by Local Civil Rule 54.1(b) and 28 U.S.C. § 1924, namely, invoices for the costs and a declaration of attorney in support.[5]  On September 27, 2021, Plaintiffs timely objected to the bill of costs.[6]  On November 10, 2021, the Clerk's Office reviewed Plaintiffs' objections and approved the full $4,322.32 bill of costs, broken down as follows:

1.      Fees for service of summons and subpoena: $66.95;

---

[1]  *See* Fed. R. Civ. P. 54(d)(1) ("The clerk may tax costs on 14 days' notice.  On motion served within the next 7 days, the court may review the clerk's action"); *see also* D. Alaska Loc. Civ. R. 54.1(d) ("A party disagreeing with the Clerk's decision must file a motion seeking review by the court within 7 days of the decision.").

[2]  Docket 168.

[3]  Docket 158.

[4]  Docket 159.

[5]  Docket 160 (bill of costs and invoices); Docket 161 (declaration of attorney).

[6]  Docket 162.

*Doe, Tallant, et al. v. United States Dept. of the Army*                                    Case No. 3:15-cv-00071-JMK
Order Denying Plaintiffs' Motion Seeking Review of Taxation of Costs                    Page 2

Case 3:15-cv-00071-JMK   Document 169   Filed 03/15/22   Page 2 of 7

2. Witness fees: $99.42; and

3. Court reporter and transcription fees: $4,155.95.[7]

On November 17, 2021, Plaintiffs filed the present Motion, seeking review of the Clerk's Notice and requesting that "the costs be denied in its entirety or, in the alternative, substantially reduced."[8]

## II. DISCUSSION

Per Federal Rule of Civil Procedure ("FRCP") 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees— should be allowed to the prevailing party." By its terms, "the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs."[9] However, that discretion is not unlimited. The court must "specify reasons" for refusing to award costs.[10] The "requirement that a district court give reasons for denying costs is, in essence, a requirement that the court explain why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs."[11] "Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the

---

[7] Docket 164 at 1.
[8] Docket 167 at 2.
[9] *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir. 2014) (quoting *Ass'n of Mexican-American Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc)).
[10] *Id.*
[11] *Ass'n of Mexican-American Educators*, 231 F.3d at 593.

*Doe, Tallant, et al. v. United States Dept. of the Army*  Case No. 3:15-cv-00071-JMK
Order Denying Plaintiffs' Motion Seeking Review of Taxation of Costs  Page 3
Case 3:15-cv-00071-JMK  Document 169  Filed 03/15/22  Page 3 of 7

chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties."[12]

The above reasons for denying costs do not appear to apply in this case. There is, additionally, nothing about the circumstances surrounding this case that sets it out as being extraordinary or that would support a finding that awarding costs would be inappropriate or inequitable. Thus, there is no basis for denying costs outright.

Plaintiffs have, furthermore, presented no valid basis for denying or reducing the individual costs at issue, as explained below.

## A.      Service of Process and Witness Cost

While neither the Federal nor Local Rules specifically identify private service of process fees as taxable costs, Local Rule 54.1(e)(1) references "other reasonable service of process fees," which would clearly encompass *reasonable* private service of process fees. In this case, a private service fee of $66.95 to serve Kenneth Blaylock was reasonable, as it was less than the fee would have been for service by the U.S. Marshals Service, which charges $65.00 per Deputy, per hour, plus mileage.[13]

The $99.42 witness fee for Kenneth Blaylock is also a valid taxable cost.[14] Plaintiffs have failed to present a legal basis for concluding otherwise.

---

[12] *Escriba*, 743 F.3d at 1247–48.

[13] Docket 164 at 1; *see also* 28 C.F.R. § 0.114(a)(3) and (c). The Court takes judicial notice of the fact that a round-trip drive between Anchorage, the closest U.S. Marshals Service location, and Palmer, where Kenneth Blayer was served, typically takes longer than an hour by car. At a rate of $65 per hour plus mileage-based travel expenses, the cost for service by the U.S. Marshals Service necessarily would have exceeded $66.95.

[14] *See* D. Alaska Loc. Civ. R. 54.1(e) ("Taxable costs include . . . marshal fees . . . and other reasonable service of process fees; . . . reasonable deposition costs, including transcript and

*Doe, Tallant, et al. v. United States Dept. of the Army*                    Case No. 3:15-cv-00071-JMK
Order Denying Plaintiffs' Motion Seeking Review of Taxation of Costs                    Page 4

Case 3:15-cv-00071-JMK   Document 169   Filed 03/15/22   Page 4 of 7

## B.    Court Reporter and Deposition Costs

The $4,155.95 court reporter and transcription fees—the focus of Plaintiffs' argument—also are costs that may be validly taxed to Plaintiffs.[15] Plaintiffs' arguments to the contrary are without merit, as explained below.

Plaintiffs argue that "fees that are attributable to depositions that were taken without being part of Defendant's summary judgment motions must not be taxable to the Plaintiffs."[16] In support of that argument, Plaintiffs cite to *Washington State Department of Transportation v. Washington Natural Gas Co.*, in which the Ninth Circuit held that "[d]isallowance for expenses of depositions not used at trial is within the district court's discretion."[17] In contrast to *Washington*, however, the instant case did not proceed to trial. Due to the limits placed upon repeat depositions of witnesses by Fed. R. Civ. P. 30(a)(2)(A)(ii) and Defendant's inability to know whether it would prevail on its summary judgment motion, it was reasonable for Defendant to question deponents about subjects that pertained not only to topics at issue in the summary judgment briefing, but also to a hypothetical trial.[18] It would, accordingly, be iniquitous for the Court to limit

---

interpreter's fee; . . . non-party witness fees, mileage, and subsistence, including parties subpoenaed by adverse parties. . .").

[15] *See* D. Alaska Loc. Civ. R. 54.1(e) ("Taxable costs include . . . reasonable deposition costs, including transcript and interpreter's fee[s] . . .").

[16] Docket 162 at 4–5.

[17] 59 F.3d 793, 806 (9th Cir. 1995).

[18] Pursuant to Fed. R. Civ. P. 30(a)(2)(A)(ii), a witness may be deposed only once, absent leave of the Court. The Court's decision whether to grant leave, in turn, is guided by Fed. R. Civ. P. 26(b)(2)(C), which provides that a "court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the party seeking discovery has had ample opportunity to obtain the information by discovery in the action."

*Doe, Tallant, et al. v. United States Dept. of the Army*     Case No. 3:15-cv-00071-JMK
Order Denying Plaintiffs' Motion Seeking Review of Taxation of Costs     Page 5

Case 3:15-cv-00071-JMK     Document 169     Filed 03/15/22     Page 5 of 7

taxable costs for the deposition fees to the proportion of transcripts that made their way into Defendant's motion for summary judgment.

In a similar vein, Plaintiffs argue that "[t]he scope of the depositions should have been more narrowly tailored by Defendant to avoid excessive costs and unnecessary questions."[19] Plaintiffs have cited to no case law supporting a granular, line-by-line audit of deposition transcripts, and this Court is not going to undertake such a task. The length of the depositions does not, in aggregate, appear unreasonable, given the nature of the claims and the time and money involved in their litigation.

Plaintiffs "further object to the appearance and hourly reporter fees included in the Bill of Costs' deposition fees."[20] Such fees fall squarely within Local Rule 54.1(e)(3)'s allowance of "reasonable deposition costs," and Plaintiffs have cited no caselaw to support a contrary reading of the rule.

Plaintiffs also object to variations in per-page transcription fees.[21] Defendant's explanation that such variations are due to differences in the fees charged by different court reporter services used in out-of-state depositions is reasonable.[22]

Plaintiffs' assertion that the fee for the Tallant deposition was excessive because the court reporter improperly billed it as a "Medical or Expert" deposition also is without merit.[23] As Defendant notes, "the invoice shows that the billing rate was for a

---

[19] Docket 167 at 5.
[20] *Id.*
[21] *Id.* at 5–6.
[22] *See* Docket 168 at 16.
[23] Docket 167 at 6.

*Doe, Tallant, et al. v. United States Dept. of the Army*                Case No. 3:15-cv-00071-JMK
Order Denying Plaintiffs' Motion Seeking Review of Taxation of Costs                Page 6

Case 3:15-cv-00071-JMK   Document 169   Filed 03/15/22   Page 6 of 7

'Medical, Technical or Video' deposition[,] . . . Tallant's deposition was by video."[24] Plaintiffs both misquoted and misconstrued the invoice.[25]

### III.  CONCLUSION

For the above reasons, Plaintiff's Motion for Review at Docket 167 is **DENIED**.  The Clerk's assessment of costs at Docket 164 is **UPHELD**.

IT IS SO ORDERED this 15th day of March, 2022, at Anchorage, Alaska.

_/s/ Joshua M. Kindred_
JOSHUA M. KINDRED
United States District Judge

---

[24] Docket 168 at 17.
[25] *See* Docket 160-2 at 8.

_Doe, Tallant, et al. v. United States Dept. of the Army_                                  Case No. 3:15-cv-00071-JMK
Order Denying Plaintiffs' Motion Seeking Review of Taxation of Costs                        Page 7

Case 3:15-cv-00071-JMK   Document 169   Filed 03/15/22   Page 7 of 7